ALD-061                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2893
_____

HEON SEOK LEE,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00168)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2019

Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 6, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Heon Seok Lee appeals from orders of the District Court denying his petition for writ of habeas corpus under 28 U.S.C. § 2241 and his motion for reconsideration under Federal Rule of Civil Procedure 59(e). For the reasons that follow, we will summarily affirm.

In 2017, a jury in the United States District Court for the Northern District of Illinois convicted Lee of five counts of wire fraud and three counts of smuggling mismarked goods into the United States. In early 2018, he was sentenced to one year and one day in prison. In August 2019, the judgment was affirmed by the United States Court of Appeals for the Seventh Circuit.

In August 2018, Lee filed this § 2241 petition challenging his conviction. The Government answered the § 2241 petition, arguing that the District Court lacked jurisdiction to consider it. The Magistrate Judge filed a Report and Recommendation, agreeing with the Government. The District Court adopted the Report and Recommendation, over Lee's objections, and dismissed the § 2241 petition for lack of jurisdiction. Lee filed a Rule 59(e) motion for reconsideration, which the District Court denied.

Lee appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit L.A.R. 27.4 and I.O.P. 10.6. A motion under 28 U.S.C. § 2255, and not a habeas corpus petition under 28 U.S.C. § 2241, generally is the exclusive means to challenge a federal conviction. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"). There is no indication from the records available to this Court that Lee has yet filed a § 2255 motion.[2] The District Court correctly determined that it did not have jurisdiction to consider Lee's § 2241 petition challenging his conviction, and did not abuse its discretion in denying his Rule 59(e) motion, which raised the same challenges to his conviction contained in his § 2241 petition. Accordingly, we will affirm.

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

[2] Lee's conviction was not affirmed on direct appeal until August 2019, and he has continued to litigate the appeal, most recently filing a second motion to recall the mandate, which is still pending.